## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PATRICK PLUMLEY, Individually and On Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. _____ |
| v. | ) ) | CLASS ACTION |
| LSC COMMUNICATIONS, INC., THOMAS J. QUINLAN, JUDITH H. HAMILTON, M. SHAN ATKINS, MARGARET A. BREYA, FRANCIS J. JULES, THOMAS F. O'TOOLE, RICHARD K. PALMER, DOUGLAS W. STOTLAR, SHIVAN S. SUBRAMANIAM, QUAD/GRAPHICS, INC., and QLC MERGER SUB, INC., | ) ) ) ) ) ) ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

## COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1.      This action stems from a proposed transaction announced on October 31, 2018 (the "Proposed Transaction"), pursuant to which LSC Communications, Inc. ("LSC" or the "Company") will be acquired by Quad/Graphics, Inc. ("Parent") and QLC Merger Sub, Inc. ("Merger Sub," and together with Parent, "Quad").

2.      On October 30, 2018, LSC's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger with Quad (the "Merger Agreement").  Pursuant to the terms of the Merger Agreement, LSC's stockholders will receive 0.625 shares of Parent Class A common stock for each share of LSC they own.

3.     On December 12, 2018, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission (the "SEC") in connection with the Proposed Transaction.

4.     The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading.  Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6.     This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.     Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8.     Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of LSC common stock.

9.     Defendant LSC is a Delaware corporation and maintains its principal executive offices at 191 N. Wacker Drive, Suite 1400, Chicago, Illinois 60606.  LSC's common stock is traded on the NYSE under the ticker symbol "LKSD."  LSC is a party to the Merger Agreement.

10.     Defendant Thomas J. Quinlan is Chief Executive Officer and Chairman of the Board of the Company.

11.     Defendant Judith H. Hamilton is a director of the Company.

12.     Defendant M. Shan Atkins is a director of the Company.

13.     Defendant Margaret A. Breya is a director of the Company.

14.     Defendant Francis J. Jules is a director of the Company.

15.     Defendant Thomas E. O'Toole is a director of the Company.

16.     Defendant Richard K. Palmer is a director of the Company.

17.     Defendant Douglas W. Stotlar is a director of the Company.

18.     Defendant Shivan S. Subramaniam is a director of the Company.

19.     The defendants identified in paragraphs 10 through 18 are collectively referred to herein as the "Individual Defendants."

20.     Defendant Parent is a Wisconsin corporation and a party to the Merger Agreement.

21.     Defendant Merger Sub is a Delaware corporation, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

## CLASS ACTION ALLEGATIONS

22.     Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of LSC (the "Class").  Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

23.     This action is properly maintainable as a class action.

24.     The Class is so numerous that joinder of all members is impracticable.  As of October 30, 2018, there were approximately 33,319,757 shares of LSC common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

25.     Questions of law and fact are common to the Class, including, among others: (i) whether defendants violated the 1934 Act; and (ii) whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

26.     Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature.  Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

27.     The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

28.     Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class.  Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

### *Background of the Company and the Proposed Transaction*

29.     LSC is a global leader in print and digital media solutions.

30.     The Company's traditional and digital print-related services and office products serve the needs of publishers, merchandisers, and retailers around the world.

31.     With advanced technology and a consultative approach, LSC's supply chain solutions meet the needs of each business by getting their content into the right hands as efficiently

as possible.

32.     On October 30, 2018, LSC's Board caused the Company to enter into the Merger

Agreement with Quad.

33.     Pursuant to the terms of the Merger Agreement, LSC's stockholders will receive

0.625 shares of Parent Class A common stock for each share of LSC they own.

34.     According to the press release announcing the Proposed Transaction:

Quad/Graphics, Inc. (NYSE: QUAD) ("Quad/Graphics" or "Quad"), a leading
marketing solutions provider, and LSC Communications, Inc. (NYSE: LKSD)
("LSC Communications"), a leader in print and digital media solutions, today
announced that their boards of directors have approved a definitive agreement
whereby Quad will acquire LSC Communications in an all-stock transaction valued
at approximately $1.4 billion, including the refinancing of LSC Communications'
debt. As of September 30, 2018, the combined company would have had annual
revenue of approximately $8 billion. . . .

TRANSACTION SUMMARY

Under the terms of the agreement, LSC Communications shareholders will receive
0.625 shares of Quad Class A common stock for each LSC Communications share
they own, representing approximately 29 percent total economic ownership of the
combined company and approximately 11 percent of the vote of the combined
company. Based on the closing share prices of both companies on October 30,
2018, the merger consideration represents a premium of 34 percent to LSC
Communications shareholders. Quad shareholders will continue to own Class A
and Class B shares, representing approximately 71 percent total economic
ownership of the combined company and approximately 89 percent total voting
power of the combined company. The transaction supports Quad's long-term
strategic vision by preserving the Quadracci Family leadership and voting control
in the company.

Quad expects the transaction to be accretive to earnings, excluding non-recurring
integration costs. Net synergies are expected to be approximately $135 million, and
will be achieved in less than two years, through the elimination of duplicative
functions, capacity rationalization, greater operational efficiencies and greater
efficiencies in supply chain management that will also benefit our clients.

Joel Quadracci will be Chairman, President and Chief Executive Officer of the
combined company. Quad will expand its board of directors to include two
members from LSC Communications' existing board.

The transaction is expected to close in mid-2019, subject to approval by Quad and LSC Communications shareholders, regulatory approval and other customary closing conditions.

The Quadracci Family Voting Trust, holder of approximately 64 percent of the voting power of Quad's outstanding common stock, has entered into a voting agreement with LSC Communications pursuant to which it will vote in favor of the issuance of shares in connection with the transaction.

The closing of the transaction is not contingent on financing. Quad has secured a financing commitment from JPMorgan Chase Bank, N.A. to refinance Quad's existing credit facility and LSC Communications' outstanding debt.

***The Registration Statement Omits Material Information, Rendering It False and Misleading***

35.     Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

36.     As set forth below, the Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading.

37.     The Registration Statement omits material information regarding the Company's and Quad's financial projections and the analyses performed by the Company's financial advisor in connection with the Proposed Transaction, Merrill Lynch, Pierce, Fenner & Smith Incorporated ("BofA Merrill Lynch").

38.     With respect to the Company's financial projections, the Registration Statement fails to disclose: (i) all line items used to calculate Adjusted EBITDA, Adjusted EBIT, and free cash flow; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

39.     With respect to Quad's financial projections, the Registration Statement fails to disclose: (i) all line items used to calculate Adjusted EBITDA; (ii) the Quad projections prepared by LSC management; (iii) projected free cash flows and all underling line items; and (iv) a reconciliation of all non-GAAP to GAAP metrics.

40.     With respect to BofA Merrill Lynch's Selected Publicly Traded Companies Analyses, the Registration Statement fails to disclose the individual multiples and financial metrics for the companies observed by BofA Merrill Lynch in the analyses.

41.     With respect to BofA Merrill Lynch's Discounted Cash Flow Analysis of LSC, the Registration Statement fails to disclose: (i) the standalone unlevered, after-tax free cash flows for LSC as used by BofA Merrill Lynch in the analysis and all underlying line items; (ii) the terminal values for LSC; (iii) BofA Merrill Lynch's basis for applying terminal forward multiples of 4.5x to 5.5x; (iv) the individual inputs and assumptions underlying the discount rates ranging from 8.25% to 9.25%; and (v) net debt.

42.     With respect to BofA Merrill Lynch's Discounted Cash Flow Analysis of Quad, the Registration Statement fails to disclose: (i) the standalone unlevered, after-tax free cash flows for Quad as used by BofA Merrill Lynch in the analysis and all underlying line items; (ii) the terminal values for Quad; (iii) BofA Merrill Lynch's basis for applying terminal forward multiples of 4.5x to 5.5x; (iv) the individual inputs and assumptions underlying the discount rates ranging from 8.00% to 9.00%; and (v) net debt.

43.     With respect to BofA Merrill Lynch's Has/Gets Analysis, the Registration Statement fails to disclose: (i) BofA Merrill Lynch's basis for using terminal forward multiples of 4.50x to 5.50x; and (ii) the individual inputs and assumptions underlying the discount rates ranging from 8.25% to 9.25%.

44.     With respect to BofA Merrill Lynch's analysis of selected precedent transactions, the Registration Statement fails to disclose: (i) the transactions observed by BofA Merrill Lynch in the analysis; and (ii) the individual multiples and financial metrics for the transactions observed by BofA Merrill Lynch in the analysis.

45.    With respect to BofA Merrill Lynch's analysis of research analysts' price targets, the Registration Statement fails to disclose: (i) the price targets for LSC common stock and Parent Class A common stock; and (ii) the inputs and assumptions underlying the discount rates of 12.9% and 9.7%.

46.    The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.  Moreover, when a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

47.    The Registration Statement also omits material information regarding the background of the Proposed Transaction.

48.    The Registration Statement fails to disclose whether the full Board unanimously approved the Merger Agreement.

49.    Stockholders are entitled to an accurate description of the "process" the directors used in coming to their decision to support the Proposed Transaction.

50.    The omission of the above-referenced material information renders the Registration Statement false and misleading, including, *inter alia*, the following sections of the Registration Statement: (i) Background of the Merger; (ii) LSC's Reasons for the Merger and Recommendation of LSC's Board of Directors; (iii) Opinion of LSC's Financial Advisor; and (iv) Certain Unaudited Prospective Financial Information.

51.     The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and LSC**

52.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

53.     The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading.  LSC is liable as the issuer of these statements.

54.     The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

55.     The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

56.     The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

57.     The Registration Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

58.     By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

59.     Because of the false and misleading statements in the Registration Statement, plaintiff and the Class are threatened with irreparable harm.

### COUNT II

**Claim for Violation of Section 20(a) of the 1934 Act
Against the Individual Defendants and Quad**

60.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

61.     The Individual Defendants and LSC acted as controlling persons of LSC within the meaning of Section 20(a) of the 1934 Act as alleged herein.  By virtue of their positions as officers and/or directors of LSC and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

62.     Each of the Individual Defendants and Quad was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

63.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.  The Registration Statement contains the recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved in

the making of the Registration Statement.

64.     Quad also had direct supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

65.     By virtue of the foregoing, the Individual Defendants and Quad violated Section 20(a) of the 1934 Act.

66.     As set forth above, the Individual Defendants and Twilio had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.  As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.     Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.     In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.     Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.     Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.      Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated:  January 7, 2019

**RIGRODSKY & LONG, P.A.**

By:  */s/ Gina M. Serra*
      Brian D. Long (#4347)
      Gina M. Serra (#5387)

**OF COUNSEL:**
      300 Delaware Avenue, Suite 1220
      Wilmington, DE 19801

**RM LAW, P.C.**
Richard A. Maniskas
      Telephone: (302) 295-5310
1055 Westlakes Drive, Suite 300
      Facsimile: (302) 654-7530
Berwyn, PA 19312
      Email: bdl@rl-legal.com
Telephone: (484) 324-6800
      Email: gms@rl-legal.com
Facsimile: (484) 631-1305
Email: rm@maniskas.com

*Attorneys for Plaintiff*